# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CASSANDRA YVONNE SCIPIO | : | CIVIL ACTION |
| | : | |
| v. | : | NO. 09-3071 |
| | : | |
| MICHAEL J. ASTRUE, | : | |
| Commissioner of Social Security | : | |

**MEMORANDUM**

LOWELL A. REED, Jr., Sr. J                                                        JUNE 7, 2010

Upon consideration of the brief in support of request for review filed by plaintiff (Doc. No. 10), defendant's response (Doc. No. 11), and plaintiff's reply (Doc. No. 12), the court makes the following findings and conclusions:

      1.      On April 1, 2008, Cassandra Yvonne Scipio ("Scipio"), filed for disability insurance benefits ("DIB") and supplemental security income ("SSI") under Titles II and XVI respectively of the Social Security Act, 42 U.S.C. §§ 401-433; 1381-1383f, alleging an onset date of January 8, 2008. (Tr. 100-02; 103-06). Throughout the administrative process, including an administrative hearing held on January 16, 2009 before an ALJ, Scipio's claims were denied. (Tr. 12-19; 31-56; 60-64; 65-69). After the Appeals Council denied review, pursuant to 42 U.S.C. § 405(g), Scipio filed her complaint in this court on July 30, 2009. (Tr. 1-4; Doc. No. 3).

      2.      In his February 4, 2009 decision, the ALJ concluded, *inter alia*, that Scipio had non-severe anxiety disorder and no other impairments, and, thus, was not disabled. (Tr. 12 ¶ 4; 14 Findings 3 & 4; 19 Finding 5).[1]

      3.      The Court has plenary review of legal issues, but reviews the ALJ's factual findings to determine whether they are supported by substantial evidence. Schaudeck v. Comm'r of Soc. Sec., 181 F.3d 429, 431 (3d Cir. 1999) (citing 42 U.S.C. § 405(g)). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (quoting Consol. Edison Co. v. NLRB, 305 U.S. 197, 229 (1938)); see also Dobrowolsky v. Califano, 606 F.2d 403, 406 (3d Cir. 1979). It is more than a mere scintilla but may be less than a preponderance. See Brown v. Bowen, 845 F.2d 1211, 1213 (3d Cir. 1988).

      4.      Scipio contends that the ALJ erred by finding her mental impairment non-severe and failed to discuss all of the relevant medical evidence. After reviewing the parties'

---

[1] All numbered paragraph references to the ALJ's decision begin with the first full paragraph on each page.

briefs and the record, I find, as outlined below, that the ALJ failed to properly discuss all of the relevant evidence regarding Scipio's mental impairment and failed to adequately document his decision to find her mental impairment non-severe. Therefore, pursuant to sentence four of 42 U.S.C. § 405(g), this case must be remanded to the ALJ.

  A. The ALJ determined that Scipio's mental impairment was non-severe after concluding that she had no limitations in the functional areas of activities of daily living and social functioning, a mild limitation in the functional area of concentration, persistence or pace, and no episodes of decompensation. (Tr. 18 ¶ 5); see 20 C.F.R §§ 404.1520a(d)(1), 416.920a(d)(1) (providing that if a claimant is found to have only mild or no limitations in the three functional areas and no episodes of decompensation, then the claimant's mental impairment will generally be found to be non-severe). Unfortunately, it is unclear upon what evidence the ALJ based his conclusions. The ALJ discounted the psychiatric examination of Dr. Ralph Kaufman, a consultative examiner, and summarized but did discuss the weight he assigned to the notes from Northwestern Human Services showing, *inter alia*, 50 to 55 GAF scores (indicating moderate to serious symptoms). (Tr. 17 ¶ 2 - 18 ¶ 1; 18 ¶ 3; 220-23; 232-33; 286-99). The ALJ then summarily determined Scipio's mental functional limitations without citation to any evidence in support thereof. The ALJ also failed to discuss what is arguably the most in-depth assessment of Scipio's mental impairment in the record: the psychiatric review technique and mental RFC assessment from the state agency physician, Dr. Jonathan Rightmyer. (Tr. 234-49). Like the ALJ, Dr. Rightmyer found Scipio's complaints only partially credible and discounted the findings of Dr. Kaufman. (Tr. 249). However, Dr. Rightmyer still assessed functional limitations higher than those of the ALJ which are likely indicative of a severe impairment. (Tr. 244). In summary, all of the records of mental impairment (one of which the ALJ ignored, one of which he summarized, and only one of which he discounted) contradict the ALJ's mental functional limitation assessment and finding of a non-severe mental impairment. Therefore, the ALJ's assessment regarding the severity of Scipio's mental impairment does not appear to be supported by substantial evidence and a remand is necessary in order for the ALJ to reassess his conclusion and the evidence thereof.

  In an attempt to bolster his conclusion that Scipio's mental impairment was non-severe, ALJ asserted that "there is no evidence at this point to suggest that [Scipio's mental impairment] will last a continuous period of one year." (Tr. 18 ¶ 3); 20 C.F.R. §§ 404.1509; 416.909 (providing that in order to be severe, an impairment must have lasted or be expected to last at least twelve months). The durational period "extends from the date of onset of 'disability' to the time the impairment(s) does not prevent the individual from engaging in [substantial gainful activity]." S.S.R. 82-52. Scipio's uncontested onset date is January 8, 2008. (Tr. 12 ¶ 1; 100; 103). The date of the ALJ's decision is February 4, 2009, more than twelve months after the alleged onset date.[2] Therefore, the durational period is met. Even if it were not clear that Scipio's mental impairment met the durational requirement, S.S.R. 82-52 places the affirmative burden on the ALJ to "state clearly in the denial rationale" his or her reasons for determining that the durational requirement was not met or will not be met "as demonstrated by medical evidence." S.S.R. 82-52. The ALJ failed to refer to medical evidence showing that

---

[2] The ALJ does not suggest that Scipio's mental impairment ended at some time prior to his decision.

Scipio's mental impairment would not last into the future. The closest the ALJ came to meeting this requirement was his comment that Scipio's mental condition was improving since on October 21, 2008, Northwestern Human Services assigned Scipio a GAF score of 50, and on December 16, 2008, it assigned her a 55 GAF score. (Tr. 18 ¶ 3). I conclude that this statement is insufficient to show that Scipio's mental impairment would resolve in the near future.

    B.  Second, Scipio contends that the ALJ failed to consider the evidence that she suffered, *inter alia*, weakness, balance problems, and postural problems due to alleged strokes. I agree with the ALJ that there is simply no objective medical evidence to support Scipio's assertion that she suffered from strokes. In fact, the evidence, in the form of neurological testing and MRI/MRA results, reasonably supports a finding that she did not suffer from any strokes. (Tr. 149; 170-71; 258). However, on remand, to the extent that the record provides objective evidence of weakness, loss of balance, and postural limitations; regardless of cause, the ALJ shall address and analyze such evidence to the extent required by the five step sequential disability evaluation process. 20 C.F.R. §§ 404.1520(a), 416.920(a).

  5.  I conclude that this case must be remanded to the ALJ in order for him to re-assess the evidence regarding Scipio's mental impairment, explicitly reviewing the medical records thereof and giving adequate reasoning for his conclusions.

    An appropriate Order follows.